## P. M. HUGHSTON *v.* BOARD OF SUPERVISORS OF CARROLL COUNTY.

1. CONSTRUCTION OF STATUTE. *Officer. Compensation for past services.*
   A statute will not be so construed as to give to officers additional compensation for past services, unless the purpose to do this is plainly expressed.

2. SAME. *Laws* 1890, p. 35. *Assessing polls. Compensation. Case.*
   The act of 1890 (Laws p. 35) provides that the board of supervisors in each county shall make an allowance to the assessor of "five cents for each poll assessed" in 1888 and 1889, where he "has not received any allowance." In a suit by an assessor who had received an allowance of "five cents for each individual assessed" during the said years 1888 and 1889, in accordance with the law then in force, *held,* that he could not, under the act of 1890, recover additional compensation for polls assessed during said years.

FROM the circuit court of the first district of Carroll county. HON. C. H. CAMPBELL, Judge.

Appellant, Hughston, is the tax assessor of Carroll county. He brought this action against the county in the court below to recover $315.15, alleged to be due him as additional compensation for assessing polls in said county for the years 1888 and 1889, in accordance with the act of February 14, 1890. The defendant pleaded that in 1888 the plaintiff had been allowed and paid the sum of $203.80 in full for making individual assessments in said county for that year, which included the assessments of polls, and that in 1889 he had been allowed and paid $231.65 in full for personal assessments, including the assessment of polls in said county for that year. Plaintiff replied admitting the payments, but averring that they were made to him exclusively for the assessment of individuals for the years 1888 and 1889, and not for assessing polls. On the trial it was admitted that the plaintiff had performed the services sued for; and it was shown that the payments made to plaintiff were on account of individual assessments as alleged in the replication. Trial was had before the court without a jury, and a judgment was rendered in favor of the defendant, from which plaintiff appeals.

Section 463, code 1880, provided "that the board of supervisors of any county may allow the assessor not exceeding five cents for each individual assessed, payable out of the county treasury."   By the act of February 16, 1884, this section was amended by striking out the language above quoted, and enacting in lieu thereof the following : "The board of supervisors in each county shall allow the assessor five cents for each individual assessed, payable out of the county treasury."   Laws 1884, p. 17.   The act of February 14, 1890, provides as follows :—

"Section 1. The boards of supervisors of the counties in this state shall make an allowance to the assessor in their counties amounting to five cents for each poll assessed in 1888, and the same in and for 1889, where the assessors have not received any allowance heretofore by the boards of supervisors or auditor."

"Sec. 2. Hereafter the assessors of the various counties in this state shall have and receive, in addition to the compensation now allowed by law, five cents for each poll assessed in each year, to be paid out of the county treasury on an allowance by the board of supervisors."   Laws 1890, p. 35.

*Somerville & McClurg,* for appellant.

In *Hill* v. *Warren County,* decided by this court at the last term, the act of 1890 was held constitutional.

We submit the following considerations in support of the proposition that the purpose of the legislature was to give compensation for the services sued for in addition to allowances previously authorized :—

1. The statute, as its title indicates, was for the *"relief of assessors,"* and the implication is that existing laws did not afford that relief.

2. The labor of assessors had been greatly increased by the legislature of 1888.   The non-payment of a poll-tax was made a misdemeanor, and the legislature intended to offer an inducement for diligence in rendering polls.

3. There had not been uniformity in the action of boards of supervisors in the different counties.   The former allowance had

proven inadequate. Several counties had procured special legislation by way of increasing the salary.

4. The general law at the time of the enactment of the statute, required the allowance of five cents " for each individual assessed." Laws 1884, p. 17.

5. The second section providing the same compensation for 1890 and succeeding years should be considered also. The whole acts should be construed together.

Manifestly the words " where the assessor has not received any allowance heretofore," mean that the allowance shall not be made in any county where in pursuance of special legislation the officer has received additional compensation, as in Adams, Hinds, and perhaps other counties.

The appellant has received nothing which will preclude him from claiming the pay prescribed in the first section of the act. The fees provided in the act of 1890 for each poll assessed are in addition to compensation allowed by former laws. The object was to increase the salary. A basis was adopted which would effect uniformity in the several counties, and stimulate the officers in the discharge of their duty. The court will avoid any construction which involves the assumption that the legislature made a mistake. 61 Miss. 220.

The act in all its parts is consistent with former enactments and worthy of its title.

*Southworth & Stevens*, for appellee.

The record shows that the appellant was paid five cents for each individual assessment for the years 1888 and 1889. This included the assessment of polls. Therefore he had received compensation, and was not entitled to an allowance for those years under the act of 1890. To hold otherwise would be to nullify the last two lines of the first section. Clearly this act did not mean that in such case the assessor should be allowed double pay. It is a well-settled rule in the interpretation of statutes, that every portion of the statute must be given effect if possible.

The court will not assume that the legislature enacted this statute upon the idea that assessors in other counties had been allowed

extra pay for the assessment of polls. That body would not presume that the auditor and the various boards of supervisors had violated the law as to this. There was no authority to make allowances other than for individuals assessed as was done in this case.

Under the code of 1880 it was discretionary with the board of supervisors to make an allowance for the assessment of individuals. Under the act of 1884 such allowance was made mandatory. The first section of the act of 1890 only re-adopts the act of 1884. It is simply declaratory of the pre-existing law.

In *Hill* v. *Warren County*, decided by this court at the last term, it was questioned whether the act of 1890 would give assessors additional compensation for past services. See 8 So. Rep; 257. We submit that the statute does not have this effect.

CAMPBELL, C. J., delivered the opinion of the court.

The first section of "An act for the relief of assessors in this state and for other purposes," approved February 14, 1890, does not contain apt words to entitle assessors to five cents for each poll assessed in 1888 and 1889, in addition to the compensation allowed by former laws. If it was the purpose to give additional compensation for past services, it should have been plainly expressed.

*Affirmed.*